### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin J. Rogers

    v.                           Civil No. 16-cv-111-SM

Monica Cunningham, Police Prosecutor,
New Hampton Police Department; James Sawyer,
Prosecutor, Laconia Police Department;
Ora Schwartzberg; and Edythe A. Murphy

### REPORT AND RECOMMENDATION

Pro se plaintiff, Kevin J. Rogers, has filed a document, entitled "Emergency Motion" (doc. no. 1), which has been docketed as the Complaint in this case.  The request for a preliminary injunction contained in the Complaint was previously denied.  See Mar. 30, 2016, Order.  The Complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

### Background

This case arises out of a contested divorce proceeding, Case No. 650-2015-DM-0195 (N.H. Cir. Ct., 4th Cir., Family Div., Laconia) ("divorce case"), and two criminal cases in which Rogers was the defendant, Case No. 450-2015-CR-02870 ("2015 prosecution"), and Case No. 450-2016-CR-00278 ("2016 prosecution").  Rogers's divorcing spouse, Edythe Murphy, and

her divorce lawyer, Attorney Ora Schwartzberg, are named as defendants here, along with the prosecutors in the state criminal cases.

The two state criminal cases at issue both relate to Rogers's contacts with Murphy while he was subject to restraining orders prohibiting certain contact with Murphy.  In the 2015 prosecution, Rogers was arrested on October 14, 2015, on an outstanding warrant for violating a family court restraining order, in circumstances Rogers characterizes as a "set-up."  Rogers asserts that defendants Murphy and Attorney Schwartzberg made false statements to Laconia Police Department prosecutor Attorney James Sawyer, which unfairly influenced Attorney Sawyer's dealings with Rogers in that case.  Rogers accepted a plea deal in the 2015 prosecution, and entered a no contest plea on November 23, 2015.  His sentence included a suspended fine, conditioned on Rogers's avoiding contact with Murphy, consistent with the family court's order.

The state court docket in the 2015 prosecution indicates that the state moved for imposition of the suspended fine in January 2016.  Rogers asserts that the motion is based on information provided to Attorney Sawyer by Murphy and Attorney Schwartzberg, which Rogers characterizes as false.  Rogers

2

appeared in court in connection with the motion to impose the
suspended sentence on March 10, 2016, and counsel was appointed
to represent Rogers in that matter.  The state court held a
hearing on the state's motion to impose the suspended sentence
on April 12, 2016.  A sentencing hearing is scheduled for July
20, 2016.

The 2016 prosecution relates to emails Rogers sent to
Murphy.  Rogers was arrested for those offenses in January 2016.
Rogers characterizes that arrest and the 2016 prosecution as
lacking in probable cause, and states that that prosecution was
based on Murphy and Attorney Schwartzberg's false statements to
the police prosecutor, New Hampton Police Department Sgt. Monica
Cunningham, and Sgt. Cunningham's misapplication of law.

The state court docket in the 2016 prosecution indicates
that Rogers was arraigned on the email offenses in February
2016, and the same lawyer who represents Rogers in connection
with the 2015 prosecution was appointed to the new case.  Rogers
moved to dismiss the 2016 prosecution on March 17, 2016, and,
with the consent of Sgt. Cunningham, the trial scheduled for
that date was continued.  The state court did not rule on the
motion to dismiss.  Each charge was subsequently nol prossed,
and the case was closed on March 29, 2016.

Rogers asserts the following claims for damages and
injunctive relief here:

1.    Edythe Murphy, Attorney Schwartzberg, and Attorney
Sawyer violated Rogers's Fourteenth Amendment right to due
process in the 2015 prosecution, in that Murphy and
Attorney Schwartzberg, through false and misleading
statements, conspired with Attorney Sawyer: (a) to
prosecute Rogers for violating a restraining order where
the evidence did not warrant prosecution; (b) to induce
Rogers to accept a plea agreement in 2015; and (c) to cause
Rogers to be threatened with the imposition of a suspended
fine in 2016.

2.    Murphy, Attorney Schwartzberg, and Sgt. Cunningham
violated Rogers's Fourteenth Amendment right to due process
in the 2016 prosecution, in that Murphy and Attorney
Schwartzberg, through false and misleading statements,
conspired with Sgt. Cunningham to prosecute Rogers
maliciously, without probable cause in 2016, based on a
misapplication of state law.

3.    Defendants are liable for false arrest, in violation
of Rogers's Fourth Amendment rights, with respect to the
arrests relating to the 2015 and 2016 prosecutions.

4.    Murphy and Attorney Schwartzberg are liable to Rogers
under (a) state tort law and (b) 42 U.S.C. § 1983, for
causing Rogers to be threatened with a finding of contempt
of the family court's restraining order, by failing to
provide Rogers with adequate notice before Murphy entered
property on which Rogers was residing, in February 2016.

5.    Murphy and Attorney Schwartzberg defamed Rogers by
publishing false statements regarding Rogers's drug use,
mental health status, and criminal record, to police
prosecutors.

6.    Defendants are liable for criminal conduct.

## Preliminary Review Standard

The magistrate judge in this court conducts a preliminary review of complaints filed in forma pauperis.  See LR 4.3(d)(2). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Discussion

### I.   Mootness of Injunctive Relief Claim as to 2016 Prosecution

The charges against Rogers in the 2016 prosecution have been dismissed.  Accordingly, Rogers's claims for injunctive relief to stay, vacate bail conditions, or preclude further prosecution of Rogers in connection with the 2016 prosecution (Claim 2, in pertinent part), should be dismissed as moot.

## II.   **Younger Abstention - Claim 1(c)**

Under <u>Younger v. Harris</u>, 401 U.S. 37 (1971),

> federal courts are required to abstain from enjoining
> ongoing state court proceedings absent extraordinary
> circumstances. . . . Under <u>Younger</u>, a federal court must
> abstain "if (1) there is an ongoing state judicial
> proceeding involving the federal plaintiff that (2)
> implicates [certain] important state interests and (3)
> provides an adequate opportunity for the federal plaintiff
> to assert his federal claims."

<u>Colonial Life & Acc. Ins. Co. v. Medley</u>, 572 F.3d 22, 26 (1st

Cir. 2009) (citations omitted).  When <u>Younger</u> applies, the

federal court is deprived of any discretion to grant injunctive

relief.  <u>See</u> <u>Colo. River Water Conserv. Dist. v. United States</u>,

424 U.S. 800, 816 n.22 (1976).  The archetypical case for

<u>Younger</u> abstention is a federal action in which the plaintiff –

like Rogers- seeks to enjoin ongoing state criminal proceedings.

Federal courts can intervene in such state court proceedings

only where a plaintiff can show there is no opportunity to raise

the federal issues in a state court, a state statute under

attack is "flagrantly and patently violative of express

constitutional prohibitions in every clause," or plaintiffs can

show "bad faith, harassment, or any other unusual circumstance

that would call for equitable relief."  <u>Younger</u>, 401 U.S. at 53-

54.  Absent such extraordinary circumstances, abstention is

mandatory, not discretionary.  See Rio Grande Cmty. Health Ctr.
v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005).

Here, the Younger abstention doctrine applies, to the
extent Rogers seeks to enjoin ongoing proceedings to impose the
suspended fine in the 2015 prosecution.  Matters relating to the
imposition of a suspended sentence, and the appropriate sentence
for violations of a court order, are important state interests.
Rogers has an adequate opportunity in that case to raise due
process claims, including the allegations at issue in Claim
1(c).  Rogers has not alleged facts demonstrating here that he
is entitled to an exception to the Younger abstention doctrine.
Accordingly, abstention under Younger is mandatory with respect
to Claim 1(c), and the district judge should dismiss that claim,
to the extent it seeks injunctive relief.

Claim 1(c), to the extent it seeks damages, is
appropriately stayed until resolution of the proceedings on the
motion to impose the suspended fine.  See Rossi v. Gemma, 489
F.3d 26, 37-38 (1st Cir. 2007).  Accordingly, in an Order issued
this date, this court stays proceedings on Claim 1(c) until
resolution of the ongoing criminal case, to the extent Claim
1(c) seeks damages from private parties.[1]

_____

[1]For reasons in Part VI(A), infra, Attorney Sawyer is immune

7

III. **Heck Rule - Claims 1(a)-(b)**

Claims asserting violations of a criminal defendant's due
process rights under 42 U.S.C. § 1983, including § 1983
malicious prosecution claims, must be dismissed if a judgment on
the claim would necessarily imply that the underlying
convictions or sentences are invalid, unless those convictions
and sentences have previously been voided through official
action.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).
Here, a judgment for Rogers on his claims of prosecutorial
misconduct and other due process violations in the 2015
prosecution would necessarily imply that Rogers's conviction in
2015 was invalid.  Because that conviction has not been voided
through any official action, Claims 1(a) and 1(b) are barred by
Heck, and the district judge should dismiss those claims.

IV. **False Arrest - Claim 3**

Rogers has alleged that the arrests in the 2015 prosecution
and in the 2016 prosecution were not supported by probable
cause.  However, stripped of legal conclusions, the complaint

---

from Rogers's claims for damages for prosecutorial acts taken in
the 2015 criminal case, including the conduct upon which Claim
1(c) is based.  The Order dismissing claims for damages against
Attorney Sawyer here should include Claim 1(c).  See Bettencourt
v. Bd. of Reg. in Med., 904 F.2d 772, 781 (1st Cir. 1990) (court
abstaining under Younger can dismiss claims for damages asserted
against defendants who are immune from such claims).

fails to state facts sufficient to support viable false arrest claims under 42 U.S.C. § 1983.  Accordingly, the district judge should dismiss the false arrest claims (Claim 3).

**V.   State Crimes - Claim 6**

Rogers asserts that defendants engaged in conduct that violated state or federal criminal laws.  In general, there is no federal right to have wrongdoers prosecuted.  See Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).  Because Rogers has not asserted any basis to support a private right of action against defendants on the basis that they committed crimes, the district judge should dismiss Claim 6, above, asserting a right to relief based on defendants' alleged criminal conduct.

**VI.   Particular Defendants**

A.   Prosecutorial Immunity

Rogers has named a police prosecutor and a prosecuting attorney as defendants here.  Prosecutors are entitled to absolute immunity from claims arising out of their "prosecutorial actions that are 'intimately associated with the

judicial phase of the criminal process.'"  Van de Kamp v.
Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman,
424 U.S. 409, 430 (1976)); accord Belcher v. Paine, 136 N.H.
137, 148, 612 A.2d 1318, 1325-26 (1992)).

Rogers alleges violations of his due process rights, based
on Attorney Sawyer's and Sgt. Cunningham's discretionary
decisions to bring charges against Rogers, Attorney Sawyer's
plea negotiations, and Attorney Sawyer's filing of a motion to
impose a suspended fine.  All of these acts fall squarely within
the scope of prosecutorial functions conducted during "the
judicial phase of the criminal process," and thus, those
defendants are absolutely immune from civil liability for those
acts.  Accordingly, the district judge should dismiss all of the
claims asserted against Attorney Sawyer and Sgt. Cunningham, and
those defendants should be dropped from this case.

    B.    Private Parties/No State Action

Rogers has asserted in Claims 2 and 4(b) that the private
party defendants, Murphy and Attorney Schwartzberg, are liable
for violating his constitutional rights.  The pertinent
provisions of the Bill of Rights, however do not shield any
individual from purely private misconduct.  See Blum v.
Yaretsky, 457 U.S. 991, 1002 (1982) (Fourteenth Amendment

"'erects no shield against merely private conduct, however discriminatory or wrongful'" (citation omitted)).  A private party can be deemed to be a state actor, potentially liable for violating Fourteenth Amendment rights, only under limited circumstances that are not present here.  See Alberto San, Inc. v. Consejo de Titulares del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008).

To the extent Rogers attempts to establish state action in this case by asserting that the private parties conspired with the prosecuting attorney and police prosecutor in the criminal proceedings, Rogers must plead specific facts showing that such joint action existed.  Stripped of legal conclusions about conspiracies between witnesses and prosecutors, or among participants in a divorce proceeding and the family court judge, Rogers's complaint fails to state facts sufficient to support an actionable due process claims against defendants, arising from the allegations summarized above as Claims 2 and 4(b).  Accordingly, those federal claims should be dismissed.

C.   Official Capacity Claims for Damages

To the extent Rogers seeks to obtain damages from the police prosecutor and prosecuting attorney in their official capacities, those claims should be dismissed.  Rogers has not

alleged sufficient facts to establish municipal liability for damages under 42 U.S.C. § 1983.  See generally Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011).

## VII.  State Law Tort Claims - Claims 4(a) and 5

This court may decline to exercise jurisdiction over the state law claims in this case where all of the federal claims are dismissed.  See 28 U.S.C. § 1367(c)(3).  The court may also decline to exercise jurisdiction over state law claims, where the state claims "substantially predominate[]" over the remaining federal claim in the case.  Id. § 1367(c)(2).

Upon acceptance of this Report and Recommendation, no federal claim for damages or injunctive relief will remain in this case except for Claim 1(c), which is presently stayed, to the extent it seeks damages.  Litigation in this case of Rogers's defamation claim (Claim 5) and Rogers's tort claims concerning actions taken by the private party defendants in February 2016 at this point in the case would cause those state law issues to substantially predominate over the remaining federal claim.  Accordingly, the district judge should decline to exercise supplemental jurisdiction over Rogers's state law tort claims, Claims 4(a) and 5, and should dismiss those claims without prejudice to Rogers's ability to raise them in state

12

court.

## Conclusion

For the foregoing reasons, the district judge should dismiss all claims for injunctive relief asserted in this action.  Claim 1(c), for damages, asserted against the private party defendants, is stayed, pursuant to the Order issued this date.  All other claims for damages should be dismissed, for reasons stated above.  Claims 4(a) and 5 should be dismissed without prejudice to refiling in state court.  Defendants Sgt. Cunningham and Attorney Sawyer should be dropped from this action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 26, 2016
cc:  Kevin J. Rogers, pro se